JAMES B. HAWKES *vs.* NAHUM BRIGHAM & others.

A certificate, under the Rev. Sts. *c.* 107, §§ 1, 2, upon a mortgage of real estate, which declares that the mortgagee entered into and upon the mortgaged premises, and declared in the presence and hearing of the two subscribing witnesses, at the time of entering on the estate, that he made the entry thereon and took possession thereof as mortgagee within named for a breach of the condition of the mortgage and for the purpose of foreclosing the same, followed by three years' possession under such entry, is not invalidated by the omission to state that " the entry was open and peaceable," in the absence of evidence to the contrary.

BILL IN EQUITY to redeem land in Boston from a mortgage made by Daniel Quinlan to Nahum Brigham, and by him assigned to John W. Shaw, who entered upon the premises to foreclose the mortgage in the presence of two witnesses, who

signed and made oath to the following certificate thereof, which was duly recorded; "We the undersigned declare and say that on the tenth day of May A. D. 1853 John W. Shaw entered into and upon the land and buildings described in mortgage deed, to which this certificate is attached, and declared in our presence and hearing, at the time of entering on said estate, that he made said entry thereon and took possession thereof as mortgagee within named, for a breach of condition of the said mortgage, and for the purpose of foreclosing the same."

The case was heard by *Hoar*, J., and reserved by him for the decision of the full court, whose opinion states the facts neces- sary to an understanding of the point of law decided.

*J. B. Robb*, for the plaintiff.

*S. J. Thomas*, for the defendants.

DEWEY, J. The title of the plaintiff is that of a purchaser at an auction sale under an execution against Daniel Quinlan of all his right in equity to redeem the land from a mortgage made by Quinlan to Nahum Brigham, and by Brigham as- signed to John W. Shaw.

This mortgage, it is alleged by the defendants, had been legally foreclosed, and the right to redeem the same forever barred. It is conceded that it has been thus foreclosed, if the proceedings set forth in the report of the facts of the case are sufficient in law to constitute such foreclosure.

The mode of foreclosing a mortgage of real estate is pre- scribed by the Rev. Sts. *c.* 107, §§ 1, 2. Instead of a foreclo- sure by instituting an action to recover possession and obtain- ing a conditional judgment upon the mortgage, the mortga- gee may, without such suit, "make an open and peaceable entry thereon, if not opposed by the mortgagor or other person claim- ing the premises; and such possession, obtained in either mode, being continued peaceably for three years, shall forever foreclose the right of redemption." It is further provided in such case, that "a certificate thereof shall be made on the mortgage deed, and signed by the mortgagor or the person claiming under him, and the same shall within thirty days thereafter be recorded in the registry of deeds where the mortgage is recorded; or else a

certificate of two competent witnesses to prove the entry shall be made and sworn to before a justice of the peace, and recorded within thirty days after the entry in the registry of deeds; and no such entry shall be effectual for the purposes mentioned in the preceding section, unless a certificate, or a deposition in proof thereof, shall be made and recorded in the manner herein provided."

That the assignee of this mortgage had in fact taken open and peaceable possession of the mortgaged premises, after breach of the condition, for the purpose of foreclosure, and held the same for three years after such entry, was not controverted; but the objection taken and relied upon was that a proper certificate thereof had not been made and recorded. The certificate was under the hands of two competent witnesses, and was duly sworn to and recorded. It was in all respects full and complete, unless the omission to state that the entry " was open and peaceable " is fatal to the foreclosure. It states that the assignee of the mortgage made an actual entry into and upon the land, and that he declared in their presence and hearing that he took possession for breach of the condition of the mortgage, and for the purpose of foreclosing the same.

But it is strongly urged that the omission of the words " open and peaceable " in the certificate are fatal to it as a certificate under the statute. It is said to be so, because the proof of such entry to foreclose can be made only by the certificate, and that such certificate must have upon its face the statement of every fact material to give validity to such entry, as an entry to foreclose the mortgage. It is said that all the facts stated in this certificate may be true, and yet the entry have been neither open nor peaceable. In reply to this it may however be urged, that the only entry that can lawfully be made upon land in possession of another is a peaceable entry. The only lawful entry to foreclose a mortgage is an open and peaceable one. The Rev. Sts. *c.* 104, § 1, having declared that " no person shall make any entry into lands, except in cases where his entry is allowed by law; and in such cases he shall not enter with force, but in a peaceable manner;" we think it is to be assumed,

in the absence of proof to the contrary, that the actual entry stated in this certificate to have taken place was not one in violation of law, but rather was in accordance therewith. Finding the certificate to state that there was such actual entry upon the lands and buildings described in the mortgage deed, and that a declaration was there made that the purpose of that entry was to foreclose this mortgage, may it not be reasonably and properly inferred that the entry thus made was that open and peaceable entry required by the Rev. Sts. *c.* 107, and which alone would have been authorized under the other provision we have cited in *c.* 104, forbidding all forcible entries upon land, even in cases where an entry is allowed by law? May it not, at least in the absence of any evidence to the contrary, be taken to have been a peaceable entry? After three years' admitted holding the estate after such entry, may it not be assumed to have been an open entry?

This requirement, of an open and peaceable entry upon lands to foreclose a mortgage, was one early introduced into our statutes, much earlier than the provision requiring the recording, in the registry of deeds, of the certificate of two witnesses attesting an entry made by a mortgagee for the purposes of such foreclosure. It had an importance when originally introduced, so far as notice of such entry was to be thereby secured, that has been materially diminished by subsequent legislation requiring a public record of such entry to foreclose. Such record is much more effectual as notice, inasmuch as an open and peaceable entry might be made upon the premises, or some part of them, without coming to the knowledge of the mortgagor.

The precise question raised in the present case has not been adjudicated in any previous case. In the cases, cited by the counsel for the plaintiff, of *Oakham* v. *Rutland*, 4 Cush. 172, and *Swift* v. *Wendell*, 8 Cush. 357, much effect is given to the statute certificate as the proper source of proof of the doing of the acts necessary to establish a foreclosure of a mortgage. The allegation of an actual entry having been made, if duly certified by two witnesses and duly recorded, cannot be con-

Hawkes *v.* Brigham & others.

trolled by oral evidence. The same would be held also as to other statements of the acts of the mortgagee, when making such entry.

But the question still recurs, is the omission of the words " open and peaceable," in the certificate, fatal to the foreclosure of the mortgage; and especially is it fatal in a case like the present, where there is no offer of any evidence to show that the entry was otherwise than open and peaceable, and where the fact is not contested, but the objection wholly rests upon the alleged want of a proper certificate reciting the fact that an open and peaceable entry was made by the mortgagee?

The leading object of the certificate is to give notice to all persons concerned, that the mortgagee has entered for foreclosure, and hence the allegation of the purposes of the entry must be definite and certain. It must be stated as an entry to foreclose a particular mortgage. It must state the date of such entry, that all persons may know at what period the foreclosure will be perfected. The manner of entering upon the premises mortgaged, as sanctioned by this court, has not been such as alone to furnish notice, or to secure any useful result to other parties. Thus it has been held that an entry by a mortgagee on one of two separate tracts of land embraced in the same mortgage deed, or, in other words, an entry upon any part, is a good entry upon the whole land mortgaged. *Bennett* v. *Conant,* 10 Cush. 163. *Lennon* v. *Porter,* 5 Gray, 319.

Upon the case as here presented, the court are of opinion that the objection to the sufficiency of the certificate as to the entry to foreclose cannot be sustained. The present case requires us to go no further, as no question arises as to the sufficiency of this certificate to exclude evidence from other sources that this entry was not an open and peaceable one.

Upon the further question, whether if the mortgage was foreclosed, such foreclosure has been waived and the foreclosure opened, we concur with the judge who reported the case, that the evidence fails to establish any agreement to open the foreclosure, or to show any facts which would in law so operate.

*Bill dismissed.*